Argument this morning is 14-1122, Benefit Funding Systems v. Advance America Cash. Mr. Griffith, whenever you're ready. May it please the Court, my name is Casey Griffith and I represent the Appellants Benefit Funding Systems, LLC and Retirement Capital Access Management Company, LLC. This appeal turns on whether 35 U.S.C. Section 101 is specified in Part 2 of Title 35 as a condition of patentability. The defendants do not dispute that it is not specified as such and the defendants do not dispute that the language in that provision, stating that it must be specified as a condition of patentability, is unambiguous. And since that language is unambiguous... That issue wasn't decided below, so why is it properly before us? Your Honor, it's properly before you because in order to grant the stay, it is our position that the issue had to be decided below. The only way the District Court could avoid deciding the issue was to find that, as he did the first time they filed the motion to stay, denied the motion to stay. There were other reasons that the stay could be denied, but in order to grant it, none of the factors... I don't understand. Do you think the District Court had the authority to decide this issue? I do, Your Honor, yes. And he was compelled to decide it? I believe he was compelled to rule on that issue if he was going to grant the stay, Your Honor. And there's an issue of... Let me ask you a hypothetical. Let's assume we have a labor law question. We're in the Ninth Circuit, so the District Court has asked for a stay, and the Ninth Circuit has taken this precise issue en banc, and the en banc is pending. So the District Court gets a request for a stay. Is he supposed to, notwithstanding that that issue is pending before the Ninth Circuit en banc, in order to resolve the stay issue, you're saying he has to definitively decide that question before him, before he can decide whether or not to grant a stay? Couldn't he just say, it's possible, if not likely, they're going to go one way or the other? That's his job. In fact, granting a stay, the whole stay analysis is based on some stuff that's kind of not crystal clear. Isn't that what his job is in a stay? To determine whether or not there's at least a likelihood or a possibility not to decide the ultimate issue? Well, Your Honor, he didn't decide whether it was really likely or not, I believe. But more importantly- In my hypothetical, I'm sorry. I'm sorry. I kept going. But if you could just tell me, is the District Court in that circumstance supposed to say, in order to evaluate the stay, supposed to definitively dispose of that legal question that's pending before the Ninth Circuit? And in response, Your Honor, I would note that, as to the labor law hypothetical, there may be some other basis for a District Court staying proceedings while the District Court waits to find out how the Court of Appeals is going to rule on an issue. But here, the court's stay was only granted under Section 18 of the AIA. So that's the provision that matters for the purpose of this appeal. He didn't grant the stay on the basis of some inherent authority or some other grounds. I guess I'm not clear on why that's different. Want to give me a little more- Sure, Your Honor. I believe it's different because it's not proper for a District Court to stay a case pursuant to statutes passed by Congress where the clear, plain intent, unambiguous intent, as expressed in the language of the statute, says that- You're presuming the outcome of that question, but that question hasn't been decided by us yet. So I don't see why the District Court can't, in its discretion, say, I'm not going to decide that issue. That issue is pending before my reviewing court. I'm going to let them decide it, and I'm going to stay this case. Well, Your Honor, I don't believe that the issue is- Yes, Your Honor. Suppose somebody filed a case at the Court of Federal Claims. You may not be familiar with it, but that's okay. The government moved to dismiss it for lack of jurisdiction and saying, you don't have any authority over this case whatsoever, which sounds like your argument. There's another case on appeal to the Federal Circuit addressing that same question, and instead of resolving whether it has jurisdiction to even address the case, the District Court says, the Court of Federal Claims says, I'm going to stay it because my reviewing court is going to decide that jurisdictional issue. I'm not going to go ahead and decide it now, even though the court may not have jurisdiction or authority to consider the case at all. Isn't that exactly what your situation is here? You're saying the PTO has no authority to do this kind of review at all, so to say it's improper. But the District Court says whether or not they have authority is something my reviewing court is going to decide, and I'm going to wait to hear on that. Well, Your Honor, I think the issue is, and I hope I'm making this clear, is that the District Court granted the stay only pursuant to the state provisions of the AIA as they apply to the CBM reviews. And so it's our position that nobody argued that there's some inherent authority or below. I don't understand. That's the answer you gave to my hypothetical, too, and I guess I'm not clear on that. I mean, you look at the factors in the statute, whether it will simplify the issues, the factors the District Court is supposed to look at. How does that get you to where you want to go? Well, Your Honor, it matters because if the statute is unambiguous and courts are required to enforce the statute as written. But you're not requiring the District Court to decide if the statute is unambiguous when that's not necessarily his role. The role is for the PTO to decide whether they can do it and then for us to decide whether the PTO has to do it. You keep saying the statute is unambiguous, but it may not be. Well, Your Honor, the issue is, though, that you have to apply the four factors. There's a four-factor test with the AIA. Right, and one of the factors is it could simplify the litigation. And if the results of this other litigation, and I think the case is pending before us about whether the PTO can do it, once we decide it's going to simplify the litigation, at least to that question. If we rule for the position you're advocating, the District Court will have to lift the state. If not, then he can continue to stay. Why doesn't that factor cover the situation? Well, Your Honor, we believe that, first of all, under these circumstances, there was a motions to stay filed after they originally filed their petition before it was granted. And the District Court denied those motions to stay and found that all of the factors ultimately weighed against the stay. And so if you move forward... That's because the PTO hadn't granted review yet. But once they grant review, there's a possibility that it'll simplify litigation. I understand that, Your Honor. The calculus does change after the petition's been granted. But I believe the issue is that if originally the possible simplification of the issue did not weigh in favor of a stay, and the District Court gave all these other reasons, he was going to have to consider all sorts of other invalidity arguments, witness memories, and things like that. If he found all those factors weighed against the stay at first, the fact that the PTAB granted the petition, we already knew they'd taken the position that they had the authority to conduct these reviews under 101. So that was the same fact that was present the first time he denied it. You didn't know that they were going to take this specific position. That's what changed. That's right, Your Honor. But I believe that... Is that enough to change the calculus on the stay? I don't believe it is, Your Honor. I think that if... And the example I've given in brief and I think is important here is if you take the best mode requirement, for example. Best mode actually would fall, theoretically, within paragraph 3, I believe, of what's subject to CBM review. But the issue is there's another portion of the statute that says that you can't invalidate a patent for failure to disclose best mode. So the point is that if the PTAB disregarded that statute that said you can't consider best mode and went ahead and started granting petitions for CBM review on the basis of failure to comply with the best mode requirement, it's our position when it's clear that it's not authorized by the statute or authorized by Congress's words, then Congress could not possibly have intended to stay the related district court litigation. Yeah, but maybe the key is when it's clear. And here it certainly wasn't clear to the district court. And that's perfectly understandable because nobody has ruled on that issue. So you may be right, maybe, that if it's absolutely clear, he would have been compelled to consider that. But it's not absolutely clear in his view because it hasn't been ultimately decided. Well, Your Honor, we believe... It's our position that the language is unambiguous, that the courts are required to enforce the statute as written. The defendants don't dispute that it's unambiguous. They also don't dispute... They don't claim that 101 is not specified as the condition of patentability. They say that it's been treated as one. You're saying the same thing, though. You're saying that the district court had an obligation to determine the PTO's authority in a case where it's not even his role to do that and it's already pending before the reviewing court in another circumstance. You might have a far better argument if ten years from now somebody did this and the Supreme Court had said, no, the PTO can't take 101 things under the CBM stuff. But that's not the situation you have. You have a situation where we have a new statute that nobody's interpreted yet. Well, Your Honor, I think the distinction for us is that below one of the cases that the defendants relied upon... I mean, the other problem I have with your argument is it suggests that the district court has to determine the PTO's authority and the PTO's not even involved in your case. At least in the case that's coming up from them, there'll be a party and they can be given an opportunity to address the scope of their review. And, Your Honor, to be clear, though, we're not asking... We never asked the district court judge to tell the PTO they couldn't do what they were doing. We merely asked the district... Well, sure you did. Your whole argument hinges on the fact that they didn't have authority to do it. Well, but, Your Honor, we didn't ask them to stay... The defendants from prosecuting their petition for CBM review, and we did not ask the district court judge to tell the PTAV they had no authority. We simply asked the judge to find that the plain, unambiguous language of the statute indicated that Section 101 is not specified as a condition for patentability and, therefore, the petition eventually... The granting of it would be overturned. We're well into your rebuttal, so it's up to you whether you want to save... I would like to save it. Thank you, Your Honor. Thank you. Mr. Dowd. Good morning, Your Honors, and may it please the Court. Matthew Dowd, and I will present argument on behalf of all the defendants' appellees today. Now, I do want to address the specific points that my colleague, Mr. Griffith, raised, but first I do want to also emphasize the fact that our position is the issue being decided today is not the question of the PTO's authority, but it's whether the four factors have been adequately weighed. Within one of those four factors, within the first factor, is this issue about the scope of the Board's authority under CBM review. But, importantly, that's only one issue within even that first factor, and so my opponent relies solely on one issue within one factor of a four-factor test. Well, except if hypothetically we were to assume that it was crystal clear or that the Patent Board did not have authority to review 101 cases, then that would go to whether or not a judge would stay the case, right? I mean, there's nothing to be gained if, ultimately, they didn't have the authority to do what they're doing. There's no basis, really, to stay the case. Is there? Chief Judge Prost, I agree with you for the most part. Like, there may not be a basis to stay the case or to take the CBM review if it's absolutely crystal clear in the statute, but this goes to the point that the appellants haven't raised or disputed the fact that Judge Stark found even if the Board did ultimately lack authority, and it was later decided that the Board did lack authority, he would still find the fact that there was a CBM decision useful, and this is at 812 in the Joint Appendix, and he mentioned this at the end of the oral argument on October 25th, 2013. He expressly stated that even if there was an opinion from the Board, it might help clarify the issues. It might help narrow the speech, and other courts have realized this as well, too. Is that kosher, really? I mean, if it's ultimately concluded that they didn't have authority to even review it, that one could then rely on their analysis nonetheless, wouldn't it kind of take their analysis off the books, if they decided the case outside of their jurisdiction? It would not take it off the books. It would be analogous to an advisory opinion that agencies can do in many cases. For example, the FCC can give an advisory opinion. But more importantly, it also involves issues of claim construction. So the claim construction that the Board might ultimately rule on might provide guidance to the court. Now, that isn't controlling, of course, but it goes to the simplification of the issues. Can I ask you something, and this may be a little off, but it seems to me there is one scenario in which, even if they don't have jurisdiction, it would streamline the procedure, and that is if they found for your friend in PTAP, if they affirm the patent right, because that would help the district court. I think your side would probably be precluded from raising the 101 issue before the district court, and at that point, they're not going to challenge the jurisdiction if they prevail before PTAP. So if that were the circumstance, then it clearly would simplify what's going on in the district court, right? That's correct, Chief Judge Prost, and we do mention that in our brief as well, too. And again, that's another factor that Judge Stark recognized. Obviously, we hope that we prevail before the Board. We think we will prevail. But nonetheless, if we do not prevail, then that means that the 101 issue will no longer be within the district court litigation because we'll be precluded under the AIA from raising that issue. Before your time runs out, we didn't talk to your friend about this, but it was all over the briefs, which is what standard of review is the appropriate standard of review in this context. One might say it really doesn't matter or affect the result, but if we were to conclude that de novo is the appropriate standard to apply here, how do we then, and isn't that problematic if we were to conclude that for our not reaching this legal question of whether or not the PTAP has jurisdiction? Your Honor, I don't think the standard of review affects the outcome in this case at all. In fact, at one point in the gray brief, the appellants say, regardless of the standard, they should win. We say the same thing. That's not surprising, but maybe you can tell me how that happens. Exactly. Well, I think it happens because they've only raised what they have claimed is a purely legal issue. In our brief, we explain that although we don't think every issue that's brought up on appeal from a stay under Section 18 should be de novo review, in this case, it is a legal issue, and so it should be de novo. All the factual issues, all the factual findings that Judge Stark made in granting the stay, my colleagues and the appellants have waived. They have presented no arguments in either of their briefs to challenge any of those findings, and so regardless of the whatever standards. But is that because you're saying that regardless of what standard we pick from the two of them, the issue before us, as Judge Lurie referred to at the outset, is not whether or not the PTAB has jurisdiction? So is it your view that even if you say de novo is the right standard, that's not the right question to which the standard is applied? Is that your position, or is it different? I think it's a subtle distinction, Your Honor, because the issue on appeal is not the issue of whether the board has authority. Do you think we're precluded from reaching that issue? I'm not sure. I believe you're precluded from reaching that issue because appellants below told Judge Stark that they did not have to reach the issue, and that's exactly why Judge Stark didn't make that decision. But if it's a de novo standard of whether the stay was appropriate, and we look at all the factors, and we determine that the PTO is absolutely without authority to hear these 101 challenges in a CBM review, couldn't we then, on a de novo standard, say the stay was improperly granted? Because the proceeding in the PTO is a nullity, and you should go forward with the district court litigation. If all of those assumptions were correct, you possibly could come to that conclusion. We would disagree that even if we lost on this one issue within the first factor, that the stay was improper, because we think that's outweighed by… If it's a de novo standard review, are we obliged to do that? You're obliged to… To look at the 101 issue. Yeah, there's a distinction. You're obliged to accept the factual findings of Judge Stark, because our opponent has waived those fact findings. And so all of those are set in stone before this court. And so if you accept those findings, we submit that even if you disagree with us on the scope of authority of the board, or at least Judge Stark's interpretation of it, then we would still win in terms of the stay. Now, let me address this… Let me just note, and you correct me if I'm wrong, regarding the standard of review, the statute says review may be de novo, which isn't to say that it must be. In other words, that's an umbrella subject to us to determine, right? That's one way to interpret it, Judge Luria. I honestly don't know of any other statute that Congress has ever passed. That's strange. It is. There's not any legislative history on it. There's a couple of statements. So it's really unclear. And again, I guess that's our point, that at least in this case, there are going to be other cases coming up the pipe to this court. There's the Posada case. I know of at least two other appeals that are docketed and pending. One will be argued on September 11th. And I submit probably in those cases, you might see issues that will force the court to decide the standard of review. But here, the court does not have to address that. And let me turn back to another point. Can I just ask you about that? Because it seems like the focus is on whether or not it may be de novo. But I keep going back to the phrase that precedes that in the statutory provision, which is the review. They're talking about review. And then they say the district court's decision to ensure consistent application of established precedent. And such review may be de novo. So when they're talking about the review that may be de novo, I read it as arguably referring back to that clause, which says to ensure consistent application of established precedent. It doesn't seem to me that far-fetched that having listed the traditional factors of a stay, which are reviewed for abusive discretion, Congress then said, and there's this other thing we want you to look at at the end, that even if you affirm or reverse based on those factors under abusive discretion, we still want you to ensure consistent application of established precedent. And such review may be de novo. Is that really far-fetched, or is that a conceivable reading? Chief Judge Prost, it's certainly not far-fetched. But again, we're not really certain exactly what Congress meant with that. It's an unclear provision. And it just doesn't have to be decided in this case. Now let me turn to some of the earlier discussion about the issue, the only issue that the appellants present, and it's the scope of authority of the board. Now, I would submit that to focus the discussion, what's really happening here is a collateral attack on the PTO's decision about its scope of authority. And although the appellants before Judge Stark, they didn't formally ask Judge Stark to prevent the board from proceeding forward. That's essentially what they were asking Judge Stark to conclude. This attack, this collateral attack I submit is analogous to situations where you see a party later challenging the jurisdiction of a court after a final judgment. And this might be under Federal Rule of Civil Procedure 60B-4, which says that you can get relief from a judgment if the judgment is void. In other words, if the deciding court had no jurisdiction. What's clear in those cases, however, is that you cannot establish the judgment is void just by showing that the judgment was erroneous. What you have to establish is that there was a, quote, total want of jurisdiction. Or that there was, quote, a lack of an arguable basis for jurisdiction. That's the only time a later court will collaterally grant you relief from an earlier decision where there is no jurisdiction. That's analogous to the situation we have here, where the appellants are saying that Judge Stark cannot let this case be stayed because it's clear on the face of the statute that there is no jurisdiction. We submit that the statute is clear in our view that a condition of patentability includes Section 101. If you get beyond the statute, you have legislative history that makes it clear that Congress was trying to include 101 within the AI, within Section 18 in particular. In addition, if you look at former Director Kapos' statement and his analysis of Section 18, in the agency's view, they clearly consider the AIA, the CBM review to include 101 decisions. All of that leads you to the necessary conclusion that at a minimum, there is some ambiguity about the scope of authority. And in such a situation, the district court is free to defer to the decision of the agency. But that's not what we come down to. I think we all agree with that. The question is when we get that district court review on appeal, whether we can or must or should not allow to then review that question. Your Honor, you can review Judge Stark's decision, but you have to review it in the context of what I'm referring to, the Rule 60b-4 standard. You have to only overturn his decision if there is a total want of jurisdiction by the agency. And in this case, the evidence and the legislative history, the statutory construction is absolutely clear. And I would like to point you to, just to the merits of that discussion, I would like to point you to two things because I know we haven't really focused on the statute itself and the language. And our point is that conditions of patentability, as used by Congress, clearly included Section 101 for several reasons. At that time, we had Supreme Court precedent that referred to 101 as a condition of patentability. My colleague says it's dicta. I'll grant him that it is dicta. But as this Court has stated in a prior case from 2001, Insurance Bank of the West versus the United States, this Court is obligated to follow the Supreme Court's interpretation even if that interpretation is dicta. So that's the understanding that Congress had when it used that term conditions of patentability as specified in Part 2. In addition to that, you see textual clues that distinguish between the phrase 102 and 103 versus conditions of patentability. Now, what my colleague wants this Court and wanted Judge Starks to conclude was that conditions of patentability, that phrase, as specified in Part 2, was limited to Sections 102 and 103. But we see both in Section 18 itself and in other parts of the AIA that Congress distinguished between those two phrases and used them differently. And if I could point the Court to Section 311B. Just to be clear, because your time is running out, you're suggesting, I think, you're not asking us to resolve that issue dispositively as a matter of law. So what is your argument in that regard? Do you want us to at least say there's at least a colorable enough claim that we ought to let the State go in? I mean, why are you arguing the merits of this? There's two reasons, Your Honor. If the panel does want to get to the merits, this is support for our position. But more importantly, I think from this Court's review, you have to review whether Judge Starks' conclusion was reasonable. He never decided, yes or no, whether the Board has authority. In part, he didn't decide that because the appellants told him he did not have to decide that. But more importantly, if you look at those two statutes, and this goes to the scope of what can be brought under an IPR versus a PGR. IPR is covered by 311B. When Congress drafted that position, Congress specifically called out any ground raised under, quote, Section 102 and 103. But when it came to the section for PGRs, which also controls the scope of CDMs, Congress used the broader phrase raised under Paragraph 2 or 3 of Section 282B. And 282B, as you know, refers back and they talk about Part 2 of Section 35. Section 101, Section 102, Section 103 are all part of Part 2. And so our point is even if this panel and this Court wants to get to the ultimate merits and wants to do the textual analysis, Congress is clear that they distinguish between a phrase that includes 101, 102, 103 versus a phrase that only includes 102 and 103. And that's also included in Section 18A1C, that same distinction between 102, 103 and the broader phrase. Thank you. Thank you, Your Honor. One issue I'd like to talk about right away is this issue of congressional intent on 101. One thing I'd like to note is that even if you take away 101 from the jurisdiction of the PTAB in the context of the AIA, you still have additional basis for review other than 102 and 103. You have 112, you have 251. And so the fact that Congress referred broadly to something more than 102 and 103 to me is not dispositive. The other thing to note is that Congress, in fact, amended the titles of some of these relevant statutes at the time the AIA was passed. They amended the title of Section 102 and maintained the title Conditions of Patentability. If they wanted it to cover something other than those two sections that have Conditions of Patentability in the title and the only two sections that have both the words Conditions and Patentability in them, they could have done it at that time. They clearly knew they were amending titles here and there, and they did. As to the collateral attack, the reason that came up at the hearing, I do want to address this, is that before counsel for the plaintiffs addressed this issue of jurisdiction, there was discussion by defendant's counsel about a decision or a case that was filed, I believe, by Versada at the Eastern District of Virginia where they were asking the district court to enjoin the PTAB from prosecuting or considering the CBM petition. And so in that case, Versada was... And I'm sure you're familiar with virtual agility... Yes, I am. ...recent opinion. And I know that was different. I mean, it wasn't a challenge to the 101C coverage of CBM proceedings. But there's language in there, including at the end of the footnote, where this court relies on the fact that this inquiry would amount to an improper collateral attack on PTAB's decision to institute CBM review. And there is discussion in the opinion itself about the statutory scheme and that this is the job of the PTAB and not of the district court. How do you distinguish that here? Absolutely. Your Honor, there are two ways that I distinguish that. First of all, all of the policy reasons that the court gave for why they didn't want the district courts and the federal circuit to review that institution decision, they were concerned about having to do a mini-trial on the merits of the validity decision. Here, you don't have to know anything about the patent at issue in the case to decide the issue we're asking the court to decide. So all those policy reasons for not permitting it under those circumstances just don't apply here. And more importantly, before the court in that case even got to their concerns about policy, it stated, under the statutory scheme, district courts have no role in reviewing the PTAB's determination regarding the patentability of claims that are subject to CBM proceedings. And so our point here is that these claims aren't subject to CBM proceedings because it's not a proper basis for CBM review. So I don't believe that virtual liability does anything to foreclose the right to make the decision. One other thing I'd like to note is my colleague claims that we somehow waived any argument as to the factual findings made by Judge Starkin on these other factors. We have repeatedly and consistently said that if 101 is not a proper basis for CBM review, then none of those factors can favor a stay, and we've never said anything different. So we haven't waived our right to challenge and argued here today that none of the factors can support a stay if 101 is not a proper basis for CBM review. Okay. We thank both counsels. The case is submitted. That concludes our proceedings for this morning. All rise. The court is adjourned until tomorrow morning at 2 a.m. Hey, good job. See? I know. I know. Well, the problem is... I don't know about... I know the person... But that's a terrible one because... There's a whole lot of other stuff in there. Well, yeah. I mean, they said it in the final oral hearing. They weren't raising any other arguments. Right. I want to show you... Let's see. I guess I'll see you in a few months. Yes, sir. I want to make sure that... I want to make sure everything's good. Not that you should. I'm not. Oh. Right. Okay. All right. Yes.